## James Wallace et al. v. Alice Madden.

1. FRATERNAL BENEFIT SOCIETIES—*Selection of Beneficiary.*—It would seem to be true that a fraternal benefit society, organized under the act of June 22, 1893, which provides that such societies " shall make provision for the payment of death benefits " and that " payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member," may settle the order of precedence within the classes enumerated by the act, but it can not exclude those whom the statute includes.

**Bill,** of interpleader. Appeal from Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

### STATEMENT OF THE CASE.

When the organic law of a mutual beneficiary society provides a class to which benefits may be made payable, it

is not competent for the society, by its constitution or by-laws, to narrow down this class or to deprive the member of his right to select any one included in the statutory class as his beneficiary.    Niblack on Benefit Societies, 2d Edition, pp. 41 and 311; Martin v. Stubbings, 126 Ill. 387; Palmer v. Welch, 132 Ill. 141; Highland v. Highland, 109 Ill. 366; Hysinger v. Supreme Lodge, etc., 42 Mo. App. 627; Gentry v. Supreme Lodge, etc., 23 Fed. Rep. 718; Kentucky Masonic, etc., v. Miller, 13 Bush (Ky.), 489; Duval, etc., v. Goodson, 79 Ky. 224.

While it is no doubt true, as a general rule, that the member can not go outside of a class designated by the by-laws, as controlled by the organic law, it is also true that the courts will give a liberal construction to contracts of this character with a view to carrying out the wishes of the member, so far as may be at all consistent with the provisions of the organic law and the by-laws of the society. Bloomington Mutual Association v. Blue, 120 Ill. 121; Martin v. Stubbings, 126 Ill. 387.

Thomas McEnerny, attorney for appellants.

William Dillon, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The Catholic Order of Foresters is a fraternal benefit society under the laws of this State applicable to such societies.

February 20, 1895, one William Wallace, an unmarried brother of the appellants, became, and up to the time of his death, continued to be, a member in good standing of the society.    The society is organized into a high court and subordinate courts, and in the latter applicants are initiated.

When initiated, an application, accompanied by a fee of fifty cents, is sent to the high court for an endowment certificate.    In his application, William Wallace designated the appellee, as his affianced wife, as the beneficiary to whom payment was to be made of the thousand dollars to

which the right beneficiary would be entitled. The high court refused to issue a certificate for her benefit, of which he had notice, but it does not appear that any further action upon the subject was had by the society or Wallace, in his lifetime.

The act of June 22, 1893, provides that such societies "shall make provision for the payment of death benefits," and that "payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon, the member." Sec. 1 of the act, page 130, State Edition Laws of 1893. The constitution of the society provides:

" 2. Endowment may be made payable to the following classes of persons:

Class first: To a member's (1) wife, (2) children, or children of deceased children (such children taking the share of the deceased parent), (3) grandchildren, (4) parents, (5) brothers and sisters of the whole blood, (6) brothers and sisters of the half blood, (7) grandparents, (8) nieces and nephews, (9) cousins in the first degree, (10) uncles and aunts, (11) next of kin who would be the distributees of the personal estate of such member upon his death intestate, in either of which cases no proof of dependency shall be required before issuing the endowment certificate.

Class second: To any other person who is dependent upon the member for maintenance (food, clothing, lodging, or education), in which case written evidence of the dependency, within the requirements of the laws of this order, must be furnished to the satisfaction of the high secretary before the endowment certificate can be issued.

(5) No endowment shall be payable to a person or persons of the second class, mentioned in paragraph 2 of this section, unless the dependency therein required to be shown exists at the time of the member's death; in which case proof of such dependency at the member's death shall be furnished in writing to the satisfaction of the high secretary, before payment of the endowment shall be made. If, at the time of the death of such member, the dependency

herein required shall have ceased, or shall be found not to have existed, or if the designation shall fail for illegality or otherwise, then the endowment shall be payable to the person or persons mentioned in class first, paragraph 2 of this section, if living, in the order of precedence as therein enumerated.

Sec. 5.   In the event of the death of all the beneficiaries designated by the member in accordance with the laws of the order before the decease of such member, if he shall have made no other or further disposition thereof, the benefit shall be paid to the persons mentioned in class first, paragraph 2, section 2, of this article, if living, in the order of precedence as therein enumerated; and if no person of said class shall be entitled to receive such benefit by the laws of this order as herein expressly provided, it shall revert to the endowment fund."

The society acknowledged that it should pay somebody, and filed this bill of interpleader, bringing the money into court.

The Superior Court awarded it to the appellee.

That she was the object of the solicitude of Wallace, is clear.   She is within the classes which by statute may be beneficiaries.   That the order of precedence within those classes may be settled by the society, would seem to be true, but it is more difficult to say that the society may exclude those whom the statute includes.

No decided case in point has been called to our attention, but considering the general tendency to narrow the field of discretion to be exercised by societies of this general character, we are not prepared to say that the Superior Court erred in holding that the appellee was entitled to the money, and its decree is affirmed.